# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO MORENO, | CASE NO. 1:05-CV-01388-AWI-DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| BREWER, et al., | |
| Defendants. | |

I.      Screening Order

    A.      Screening Requirement

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint filed November 18, 2005.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      <u>Summary of Plaintiff's Amended Complaint</u>

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison (PVSP) where plaintiff is incarcerated. Plaintiff names Correctional Officers Brewer, Cantu, Fernandez, Negrete, and Sergeant Quiriarte as defendants. Plaintiff is seeking money damages and injunctive relief.

Plaintiff's allegations are very brief. Plaintiff alleges that on December 22, 2003, he received "inadequate medical care" from defendant Brewer which resulted in long term injury.

Plaintiff alleges that on August 25, 2004, defendant Cantu moved him to a cell with a gang member, ignoring his medical chrono. Plaintiff alleges he was attacked by the gang member.

Plaintiff alleges that on August 28, 2004, defendant Fernandez used another inmate to attack

1    him and on October 30, 2004 defendant Negrete forced him into a gang member's cell.

2        Plaintiff contends that on November 7, 2004, he fell from his top bunk. He contends that

3    Sergeant Quiriarte ignored his medical chrono which required him to have a lower bunk. He argues

4    that Sergeant Quiriarte is responsible for his fall because he ignored the medical chrono.

5        C.    Plaintiff's Claims

6            1.    Medical Care

7        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

8    conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

9    U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an

10   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

11   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

12   indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

13   v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in

14   a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

15   inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may

16   be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

17   or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

18   1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

19   1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment,

20   the delay must have led to further harm in order for the prisoner to make a claim of deliberate

21   indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.

22   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

23       Plaintiff's allegations do not support a finding that the named defendants acted with

24   deliberate indifference to plaintiff's serious medical need. "Deliberate indifference is a high legal

25   standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be

26   aware of the facts from which the inference could be drawn that a substantial risk of serious harm

27   exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at

28   837). "'If a prison official should have been aware of the risk, but was not, then the official has not

3

1   violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of

2   Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3        Plaintiff's allegation that he received "inadequate medical care" and that defendant Quiriarte

4   ignored his medical chrono, at most suggest negligence and that plaintiff disagreed with the

5   treatment he received.  Neither negligence nor plaintiff's disagreement with the treatment provided

6   support a claim for relief under section 1983.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.

7   1986); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Broughton v. Cutter Laboratories,

8   622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  The Court will provide

9   plaintiff the opportunity to file an amended complaint to provide more detail about his medical

10  claims.  However, plaintiff must keep the high standard of the Eighth Amendment in mind in

11  deciding whether to do so.

12                    2.    Failure to Protect Plaintiff

13       Plaintiff also makes allegations that defendants put him in danger by placing him in cells with

14  gang members.  These allegations are also insufficient to state a claim under the Eighth Amendment.

15       Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.

16  Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish

17  a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent

18  to a serious threat to the inmate's safety."  Farmer v. Brennan, 511 U.S. at 834.  The deliberate

19  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

20  must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. at 834(citing Wilson

21  v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an

22  excessive risk to inmate health or safety."  Id. at 837.

23       In the instant action, plaintiff alleges only that defendants Cantu, Fernandez and Negrete put

24  him in danger by placing him with gang members.  Plaintiff's allegations are so brief and conclusory

25  that the court is unable to determine whether or not plaintiff may be able to state a cognizable claim

26  for relief.  In order to state a cognizable claim for relief under the Eighth Amendment, plaintiff's

27  allegations must demonstrate that defendants acted with deliberate indifference to a serious threat

28  to plaintiff's safety.  Plaintiff has not alleged that any of the defendants had reason to believe that

1  plaintiff was in danger.  The fact that plaintiff's cell mate was a gang member, alone is not sufficient

2  unless defendants knew of the risk to plaintiff and were deliberately indifferent to that risk.  The

3  court finds that plaintiff has not stated a cognizable Eighth Amendment claim against any of the

4  named defendants.  The court will provide plaintiff one opportunity to amend his complaint, in the

5  event that plaintiff believes, in good faith, that he has a cognizable claim for relief under section

6  1983.

7          D.    Conclusion

8          The court finds that plaintiff's complaint does not state any claims upon which relief may be

9  granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended

10  complaint curing the deficiencies identified by the court in this order.

11         Plaintiff is informed he must demonstrate in his complaint how the conditions complained

12  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

13  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

14  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

15  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

16  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

17  743 (9th Cir. 1978).

18         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

19  complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint

20  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

21  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

22  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

23  of each defendant must be sufficiently alleged.

24         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

25     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

26           upon which relief may be granted under section 1983;

27     2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

28     3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

                                            5

amended complaint; and

4.   If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

**Dated:    September 18, 2006**                    **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE